IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRY FREITAS, et al.,

    Plaintiffs,

  v.

MCKESSON CORPORATION, et al.,

    Defendants.

Case No. 12-5948 SC

<u>ORDER GRANTING MOTION TO REMAND</u>

## I.  **INTRODUCTION**

The instant matter is a pharmaceutical product liability action.  Defendants Brenn Distribution, Inc. and Brenn Manufacturing, Inc. ("Defendants") removed the action to this Court from California Superior Court, and plaintiffs Terry Freitas and other plaintiffs joining in her complaint (collectively "Plaintiffs") now move to remand the action back to state court.  ECF No. 25-1 ("Mot.").  For the reasons explained below, Plaintiffs' motion to remand is GRANTED.

///
///
///

## II. BACKGROUND

This action is one of many related cases now pending in California state and federal courts. See Mot. at 1-4. It involves alleged harms to consumers from pharmaceutical products containing propoxyphene, including the drug Darvocet. Id. Plaintiffs filed a complaint in state court on October 31, 2011. Id. at 2. On December 6, 2011, Defendants removed to federal court on the basis of diversity jurisdiction, arguing fraudulent joinder and misjoinder. Id. This case, among others, was then transferred by the Judicial Panel on Multidistrict Litigation to MDL No. 2226, pending in the Eastern District of Kentucky. Id. Judge Reeves, the judge presiding over that MDL, remanded this action and others back to California Superior Court on July 17, 2012, rejecting Defendants' arguments that certain parties had been fraudulently joined to prevent diversity. Freitas v. McKesson Corp., No. 2-12-50-DCR, 2012 U.S. Dist. LEXIS 101955, at *34 (E.D. Ky. July 17, 2012).

Once they were back in California Superior Court, Plaintiffs filed a Petition for Coordination with the California Judicial Counsel on October 23, 2012, asking to coordinate this action with the numerous, related multi-plaintiff pharmaceutical actions also pending in California state court. Mot. at 2. Plaintiffs' Petition stated that seven actions concerned "the same defective Darvocet Product, the same or substantially similar causes of action, the same or substantially similar issues of law, [and] the same or substantially similar issue," such that "[o]ne judge hearing all of the actions for all purposes in a selected site or sites will promote the ends of justice," and "[f]ailure to

2

coordinate these actions will result in the disadvantages of duplicate and inconsistent rulings, orders, or judgments." Mot. Ex. 8 ("Petition") at 2, 8, 10 (emphasis added).

On November 20, 2012, Defendants filed a notice of removal in this Court, claiming that the Court has subject matter jurisdiction over the action (1) as a mass action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), or, alternatively, (2) under the diversity jurisdiction statute, 28 U.S.C. § 1332(a). ECF No. 1 ("Notice of Removal"). Plaintiffs now move to remand for lack of subject matter jurisdiction. Defendants oppose, arguing primarily that Plaintiffs' request to coordinate the cases "for all purposes" rendered removal proper under CAFA, because, as Defendants claim, such language implies coordination through trial, thereby rendering this action a "mass action" under CAFA. ECF No. 29 ("Opp'n").

This Court has already remanded two related propoxyphene liability cases to California Superior Court on the grounds that removal under CAFA was improper. See Posey v. McKesson Corp., No. C 12-05939 RS, 2013 WL 361168, at *5 (N.D. Cal. Jan 29, 2013); Rice v. McKesson Corp., No. C 12-05949 WHA, 2013 WL 97738, at *3 (N.D. Cal. Jan. 7, 2013). Defendants have appealed to the Ninth Circuit in both of those cases, arguing that even though the Ninth Circuit has a rule in place for matters like this one, Tanoh v. Dow Chem. Co., 561 F.3d 945, 954-954 (9th Cir. 2009), courts within the Ninth Circuit should adopt the Seventh Circuit's reasoning in a similar case, In re Abbott Labs, Inc., 698 F.3d 568, 573 (7th Cir. 2012). See Pet. for Permission to Appeal at 8, Posey v. Covidien, Inc., No. C 13-80019 (9th Cir. Feb. 7, 2013) ECF No. 1-2 ("This Court

should grant review to determine whether to adopt the Seventh Circuit's holding in Abbott . . . .").

### III. LEGAL STANDARD

#### A. Removal

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. § 1441(a). If the case stated by the initial pleading was not removable, a defendant may remove within thirty days of receipt of an amended pleading, motion, order, or other paper rendering the action removable. 28 U.S.C. § 1446(b)(2).

Removal under CAFA is proper for "mass action" suits if (1) the amount in controversy exceeds five million dollars; (2) there is minimal diversity, meaning that at least one plaintiff is diverse from one defendant; (3) the monetary relief claims of 100 or more plaintiffs are proposed to be tried jointly, on the grounds that the plaintiffs' claims involve common questions of law or fact; and (4) at least one plaintiff's claim exceeds $75,000. 28 U.S.C. § 1332(d); Abrego v. Dow Chem. Co., 443 F.3d 676, 689 (9th Cir. 2006).

"[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing

4

federal jurisdiction. Id. at 566-67.

### B. Diversity Jurisdiction

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978). A non-diverse party named in a complaint can be disregarded for purposes of determining whether diversity jurisdiction exists if a district court determines that the party's inclusion in the action is a 'sham' or 'fraudulent.'" McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

## IV. DISCUSSION

### A. Defendants' Removal on Diversity Grounds Was Improper

In Defendants' Notice of Removal, Defendants claim that this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. In support of removal on these grounds Defendants incorporate by reference arguments they filed when this case was associated with the MDL in the Eastern District of Kentucky -- arguments that Judge Reeves rejected. See Freitas, 2012 U.S. Dist. LEXIS 101955, at *34. Defendants had argued that certain parties had been fraudulently joined in order to defeat

5

diversity. See id. at *1. Here, Defendants add nothing to their rejected argument, submitting only that Judge Reeves' decision was in error. Notice of Removal at 12. Defendants further note that they assert these arguments to prevent waiver. Id.

This Court already rejected virtually identical arguments made by Defendants in a related case. Rice, 2013 WL 97738 at *3. In that matter this Court stated that, because Defendants did not challenge Judge Reeves' holdings or reasoning, nor did they explain why they should not be estopped from asserting diversity jurisdiction a second time, the Court would not "question Judge Reeves' holdings and attempt to manufacture a basis for federal jurisdiction that [Defendants] themselves fail to articulate." Id. at 5.

The Court will not revisit the argument in this matter either. Defendants fail to show that removal on diversity grounds is proper.

**B.   Defendants' Removal Under CAFA Was Improper**

As they have done twice before this Court, Defendants argue that the instant action is a "mass action" under CAFA because -- as Defendants claim -- Plaintiffs proposed to try 100 or more persons' monetary claims jointly. Notice of Removal at 6-11; Opp'n at 5-12.

As this Court noted in rejecting Defendants' arguments in Rice, 2013 WL 97738 at *2, Plaintiffs' Petition does not explicitly propose that Plaintiffs' claims be tried jointly, as CAFA requires, per 28 U.S.C. § 1332(d). Plaintiffs asked generally that their cases be consolidated "for all purposes" before a "coordination trial judge," phrasing that, according to Defendants, means that Plaintiffs have implicitly proposed a removable mass action under

6

1  CAFA.  See Notice of Removal at 6-11; Opp'n at 5-6.  However,
2  "coordination trial judge" is merely the nomenclature used by the
3  California Rules of Court to describe any judge who hears
4  coordinated actions "for all purposes."  See Posey, 2013 WL 361168
5  at *3 (citing Cal. R. Ct. 3.540(b) (defining "coordination trial
6  judge"); Cal. Code Civ. Proc § 404.1 (explaining the role of such a
7  judge)).  Moreover, CAFA does not consider claims "consolidated or
8  coordinated solely for pretrial proceedings" to be "mass actions"
9  that are removable to federal court.  See id. at 5 (citing 28
10 U.S.C. § 1332(d)(11)(B)(ii)(IV)).  As Plaintiffs have explained,
11 their Petition was filed solely for pretrial purposes, not as a
12 means of obtaining a joint trial.  Reply at 6.  The Petition does
13 not explicitly request coordination through trial.
14     Indeed, as this Court has noted in previous orders on this
15 issue, the Ninth Circuit has explained very clearly that the
16 definition of "mass action" is narrowly drawn, and Congress did not
17 intend to "allow courts to override the considered legislative
18 limitations in the 'mass action' concept."  Tanoh, 561 F.3d at 954-
19 954; see also Rice, 2013 WL 97738 at *2 (citing Tanoh for this
20 proposition); Posey, 2013 WL 361168 at *3 (same)).  Inferring a
21 request for a joint trial from Plaintiff's Petition, which does not
22 expressly request such a trial, "would conflict with both the
23 guidance prov[ided] by our court of appeals in Tanoh, as well as
24 with the general canon of strict construction of removal statutes."
25 Rice, 2013 WL 97738 at *2.  The Court again rejects Defendants'
26 arguments to that effect.
27     Defendants cite a Seventh Circuit case to support their
28 argument that a joint trial for CAFA purposes can be inferred from

7

a coordination petition when the petition's language comes close to asking for a joint trial. See Opp'n at 7-8 (citing Abbott, 698 F.3d at 573). No matter how convincing Defendants find the Seventh Circuit's reasoning, the Court is bound by the Ninth Circuit's ruling from Tanoh. In any event, Abbott concerned plaintiffs who had explicitly asked for their cases to be consolidated "through trial" and "not solely for pretrial proceedings." Abbott, 698 F.3d at 571. Abbott is therefore both distinguishable from Tanoh and not binding on the Court. The Court accordingly rejects Defendants' arguments on this point.

## V. CONCLUSION

For the reasons explained above, Plaintiffs' Motion to Remand is GRANTED. The case is remanded to the California Superior Court for the County of San Francisco. Plaintiffs' request for costs and attorneys' fees associated with seeking remand are DENIED because the Court does not find Defendants' arguments objectively unreasonable. All other pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

Dated: FEBRUARY 25, 2013            _____
                                     UNITED STATES DISTRICT JUDGE